**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 1, 2004**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50506

_____

AF-CAP, INC.

        Plaintiff - Appellant

    v.

THE REPUBLIC OF CONGO;

        Defendant - Appellee

CMS OIL AND GAS CO.; ET AL.

        Garnishees

CMS NOMECO CONGO INC.; THE NUEVO CONGO CO.; NUEVO CONGO LTD.

        Garnishees - Appellees

-----------------------------------

Case No. 03-50560

AF-CAP, INC.

        Plaintiff - Appellant

    v.

THE REPUBLIC OF CONGO

        Defendant - Appellee

---------------------
Appeal from the United States District Court for the
Western District of Texas, Austin
---------------------
(Opinion September 17, 2004, 5th Cir., ____F.3d__.)

Before JOLLY and PRADO, Circuit Judges.[1]

---

[1]This matter is decided by a quorum.  See 28 U.S.C. § 46(d).

PER CURIAM:[2]

IT IS ORDERED that Appellee's motion for reconsideration of the Court's order of September 29, 2004, granting Appellant's motion to issue the mandate forthwith is DENIED.

IT IS FURTHER ORDERED that Appellee's alternative motion to recall the mandate pending consideration of the petition for rehearing and petition for rehearing en banc is GRANTED.

IT IS FURTHER ORDERED that the Petition for Rehearing is GRANTED. Our decision that the Garnishees' intangible obligations to the Congo had been used for commercial purposes in the United States in the past, and thus were subject to garnishment by Af-Cap, was based on the past use of those obligations to settle a debt owed by the Congo to National Union Fire Insurance Company ("NUFI"). We clarify that our opinion should not be interpreted to permit garnishment of obligations that were not used in the past for commercial purposes in the United States. Thus, to the extent that tax obligations were not used to satisfy the NUFI debt, such obligations cannot be reached by the garnishment proceedings in this case. Instead, the Garnishees' obligations to the Congo are subject to garnishment by Af-Cap only to the extent that those obligations were used in the past to settle the NUFI debt,

[2]Judge Jones did not participate in the consideration of the petition for rehearing en banc.

2

irrespective of whether the Garnishees and the Congo label those obligations "taxes" or "royalties".  We entrust to the sound discretion of the district court the implementation of the clear intent of our opinion.  No member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. and 5TH CIR. R. 35) the Petition for Rehearing En Banc is DENIED.

IT IS FURTHER ORDERED that Appellee's motion for costs, incorporated in the petitions for rehearing, is DENIED.

IT IS FURTHER ORDERED that the mandate shall issue forthwith.

SO ORDERED.